## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES J. CURRAN, JR. and B.B.Z, RESEARCH, INC.,** | : | **No. 3:08cv49** |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| **ROBERT L. BOWERS and LONE EAGLE COAL COMPANY,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

_____Before the court is the "Petition-Civil Action" filed by Plaintiffs James J. Curran, Jr., and B.B.Z. Research, Inc.  For the reasons that follow we will *sua sponte* dismiss the action for lack of subject matter jurisdiction.

**Background**

The parties were involved in a lawsuit filed in the Eastern District of Pennsylvania in 1994.  (Doc. 1).  The United States District Court had jurisdiction because the matter was based on federal law, the Racketeer Influenced and Corrupt Organizations Act.  (Id.).

The parties entered into a settlement agreement in 1996 to settle that action.  (Doc. 71at 9-51).  The instant action, which is comprised of one breach of contract count, was instituted to enforce the settlement agreement.   (See Doc. 71).

The instant action was originally brought in the United States District Court for the Eastern District of Pennsylvania on June 7, 2007.  It asserted that the court had jurisdiction pursuant to an agreement of the parties.  (Doc. 71, ¶ 1).  The Settlement Agreement provides that the parties agree "to submit any dispute arising out of or under this Agreement or the Mining Agreement to the Hon. Edward N. Cahn, C.J. or any successor for prompt, final and binding determination."  (Doc. 71, at 12).  Further, the agreement provides:  "In the event that Judge Cahn or his successor declines to

accept jurisdiction, the parties may then and only then proceed in any Court of competent jurisdiction." (Id.).  Cahn is no longer a judge of the United States District Court for the Eastern District of Pennsylvania.  (Doc. 71, ¶ 21).  The instant case was assigned to United States District Judge James Knoll Gardner of the Eastern District of Pennsylvania.  On December 5, 2007,  Judge Gardner transferred this action to the Middle District of Pennsylvania because the parties all reside in Schuylkill County, which is located within the Middle District of Pennsylvania.[1]  For the following reasons, we will *sua sponte* dismiss this case for lack of jurisdiction.

**Discussion**

Federal district courts, as courts of limited jurisdiction, have a continuing duty to satisfy themselves of jurisdiction before addressing the merits of a case. Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1049 (3d Cir. 1993) cert. denied sub nom Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993).   Moreover, federal courts have the obligation to address the question of subject matter jurisdiction *sua sponte*.  Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see generally Nelson v. Keefer, 451 F.2d 289, 293-95 (3d Cir. 1971) (finding that the federal judiciary has been too cautious in addressing the large number of cases which do not belong in federal courts).

Pursuant to 28 U.S.C. § 1332, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount

---

[1]When the original action was filed, Schuylkill County was part of the Eastern District of Pennsylvania.   Effective April 19, 1999, the United State Congress transferred Schuylkill County from the Eastern District of Pennsylvania to the Middle District of Pennsylvania.   28 U.S.C. § 118(b).

in controversy, exclusive of interest and costs, in excess of $75,000.00. See 28 U.S.C. § 1332(a).  In the absence of diversity, jurisdiction can be sustained on the ground that the complaint raises a federal question. 28 U.S.C. § 1331.  The burden is on a defendant to prove that subject matter jurisdiction exists in a case that is removed to the federal court.  See Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiffs do not assert either diversity jurisdiction or federal question jurisdiction.  The parties are all citizens of Pennsylvania, (Doc. 71, ¶ ¶ 4 - 7) and the complaint merely asserts a state law breach of contract cause of action.  (Id. at ¶ ¶ 22-23).  Instead of diversity or federal question jurisdiction, plaintiffs aver that this court has jurisdiction "pursuant to an agreement of the parties." (Doc. 71, ¶ 1).  Plaintiffs' assertion lacks merit. Parties cannot invoke the court's jurisdiction by way of stipulation.   See Sosna v. Iowa, 419 U.S. 393, 398 (1975) (explaining that parties "may not by stipulation invoke the judicial power of the United States in litigation which does not represent an action 'case or controversy.'").

Additionally, plaintiffs cannot invoke the jurisdiction that the United States District Court for the Eastern District of Pennsylvania once had over their original dispute.  "Enforcement of the settlement agreement . . . is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction."  Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002).  A district court can retain jurisdiction over enforcement of a settlement agreement where: (1) it incorporates the terms of the settlement order into its dismissal order or (2) adds a provision in the order of dismissal "retaining jurisdiction" over the settlement agreement.  In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999).   The May

3

1996 order of the Eastern District did neither.  (<u>See</u> Doc. 70).  The order simply states that the parties have settled their dispute and ordered the action dismissed with prejudice "pursuant to agreement of counsel without costs." (Doc. 70).  Such an order "simply adverting to the counsel-report settlement without the incorporation of any specific settlement terms" does not satisfy either of the conditions for retaining jurisdiction to enforce settlement. <u>Shaffer</u>, 284 F.3d at 503.  Merely referring to a settlement agreement or even stating that the case is dismissed "pursuant to the terms of the Settlement" is not sufficient to retain jurisdiction. <u>Phar-Mor</u>, 172 F.3d at 274-75.  Thus, there exists no basis for our jurisdiction over the instant matter, and it will be dismissed.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES J. CURRAN, JR. and B.B.Z, RESEARCH, INC.,** | : | **No. 3:08cv49** |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| **ROBERT L. BOWERS and LONE EAGLE COAL COMPANY,** | : | |
| **Defendants** | : | |

## ORDER

_____**AND NOW**, to wit, this 17th day of January 2008, it is hereby
**ORDERED** that this action is **DISMISSED** based upon lack of subject
matter jurisdiction without prejudice to the plaintiffs filing a cause of action
in state court.  The Clerk of Court is directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

5